# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60470
Summary Calendar

————————

Carlos Alfredo Montano-Velasquez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A202 078 389

————————————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Carlos Alfredo Montano-Velasquez, a native and citizen of El Salvador, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) finding him not credible and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture.

—————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60470

We review for substantial evidence. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

In the decision summarily adopted by the BIA, the IJ determined that Montano-Velasquez was not credible in light of inconsistencies within his testimony and with other evidence, material omissions on direct examination, non-responsive answers to questions, evasive explanations for the inconsistencies and omissions, and his agitated demeanor during questioning. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020). These specific and cogent reasons derived from the record support the credibility determination; *see Avelar-Oliva*, 954 F.3d at 767; *Singh*, 880 F.3d at 225; *Zhang*, 432 F.3d at 344, and consideration of the record as a whole does not show that "no reasonable fact-finder" could make such a determination, *see Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted). Montano-Velasquez also fails to show that the evidence compels a conclusion contrary to the agency's determination that he failed to show he more likely than not would be tortured if repatriated. *See Singh*, 880 F.3d at 224-25; *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015).

As to Montano-Velasquez's contention that his counsel provided ineffective assistance with the I-589 application and general poor-quality work, he has failed to exhaust the claim by presenting it to the BIA in his brief on appeal or in a motion to reconsider; we thus lack jurisdiction to hear it. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); 8 U.S.C. § 1252(d)(1). Similarly, we lack jurisdiction to consider Montano-Velasquez's claim, raised for the first time in this court, of ineffective assistance of counsel on appeal. ECF 24, 12; *Martinez-Guevara*, 27 F.4th at 359; § 1252(d)(1).

The petition for review is DENIED in part and DISMISSED in part.

2